DISTRICT COURT.                      August 17, 1860.
                    ADMIRALTY.

## WOOLSTON *v.* THE JOHN A. WARNER.

1. In the case of a mere aquatic excursion of pleasure for a trip which is to end at the port of departure, a simple breach of contract between passengers and a navigator for their transportation, is not cognizable by a court of admiralty under the Constitution, where process in *rem* is asked for.

2. The libel should show that the voyage is one which brings the contract within the jurisdiction.

### CAUSE OF CONTRACT.

LIBEL to recover damages for breach of contract to carry passengers from Philadelphia to Cape May, thence to the ship Great Eastern and thence back to Philadelphia.

### CADWALADER, J.

The libel does not so state the purpose of the voyage in question, or the destination of the steamer, as to indicate whether the contract for the transportation of the libellant as a passenger, was, in respect of the alleged breach, within the admiralty and maritime jurisdiction of the Court.

That there might, in the course of the voyage, have been occurrences in respect of which the jurisdiction would have

been exercisable, does not affect the question whether the contract itself, or the alleged breach of it is a subject of the jurisdiction.

In general a contract for the transportation of a passenger from a port of any State to any port beyond the territorial waters of that State is a proper subject of this jurisdiction. In the present case the specific difficulty arises not from the character of the contract in this respect, but from the character of the voyage.

The libel should show that the voyage is one which brings the contract within the jurisdiction.

For aught that appears on the face of this libel this voyage might have been a mere excursion of pleasure, the passengers returning at the end of the trip to the port of departure without having reached a place of destination for any purpose of residence, or temporary sojourn, or further travel by land or by water, or for any purpose of commerce, or purpose of navigation directly or incidentally, or potentially connected with any commercial interest cognizable in a maritime court. The jurisdiction if exercisable in such a case, would likewise be exercisable in every case of an aquatic excursion of pleasure from Philadelphia, if the yacht or other vessel should touch or cast anchor on the shore of New Jersey, or should cross the circular boundary of the State of Delaware. If the jurisdiction were exercisable the Court must necessarily entertain inquiries concerning the sufficiency of her outfit and equipments, the description and quality of her supplies, and the fulfilment or non-fulfilment, or tardiness or punctuality of the fulfilment, of express or implied engagements as to the times of departure and arrival, etc. In some countries, the marine or admiralty courts, in other countries the courts called commercial, are, to some extent municipal, as well as cosmopolitan tribunals. Their jurisdiction under some governments is exercisable I believe in cases like the present. But some of these courts have also cognizance of suits upon policies of insurance, and bills of exchange, and other matters which are not proper subjects

of maritime jurisdiction.    The jurisdiction of the admiralty and maritime tribunals of the United States under the Constitution is restricted to cases in which interests of navigation with foreign countries or between States of the Union are, or may be, concerned.    I, therefore, am of opinion that in the case of a mere ordinary aquatic excursion of pleasure for a trip which is to end at the port of departure, a simple breach of a contract of passengers with a navigator for their transportation is not cognizable by this Court.

The libellants' proctor and advocate has not been willing to ask process in personam, unless process in rem can also be awarded.    Otherwise the former process would perhaps have been awarded, leaving the question of jurisdiction for future consideration.    As the prayer for the arrest of the vessel has been insisted upon, I have, however, thought it proper to decide the question of jurisdiction in this preliminary stage of the proceeding.

I cannot award the process in rem.    But, that my decision may be appealed from, the libel may be filed, and also this opinion, with an entry by the clerk, that, for the reasons therein stated, the process prayed is refused by the Court.

The decision in this case was reversed, on appeal, by the Circuit Court:   Judge Grier holding that the object of the voyage in a maritime contract to carry passengers, whether for trade or pleasure, was immaterial, as was also the fact that its terminus was the point of departure.    He cited Minturn v. King, 16 How. 469.